**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. __________________**

BRIDLINGTON BUD LTD,

Plaintiff,

v.

SLANGO,

Defendant.

_____________________________________________________ /

## COMPLAINT

BRIDLINGTON BUD LTD ("Plaintiff" or "BRIDLINGTON"), by and through its undersigned counsel, brings this action against Defendant SLANGO ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), arising from Defendant's unauthorized use of Plaintiff's federally registered trademark ACDANC, U.S. Trademark Registration No. 6,362,407.

2. Plaintiff seeks injunctive relief, damages, disgorgement of Defendant's profits, and such other and further relief as permitted under federal law.

## INTRODUCTION

3. Plaintiff brings this action because Defendant operates an e-commerce store that advertises, offers for sale, and sells products bearing counterfeit or infringing versions of Plaintiff's ACDANC trademark.

4. The ACDANC registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate is attached as **Exhibit 1.**

5. Defendant's conduct—offering and selling infringing goods to U.S. consumers, including residents of Florida—has caused and continues to cause irreparable injury to Plaintiff's goodwill, reputation, and brand integrity.

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant conducts business within this District via an interactive e-commerce platform through which infringing goods are sold and shipped into Florida.

8. Defendant has purposefully directed commercial activities toward Florida by offering products for sale to U.S. customers, including Florida residents, accepting U.S. dollars, and shipping infringing products into the State of Florida.

**THE PARTIES**

**Plaintiff**

9. Plaintiff is a private limited company formed in the UK, with its principal place of business at 198 Charlton Lane, London, England, United Kingdom, SE7 8HJ.

10. Plaintiff is the owner of all rights, title and interest in the ACDANC mark, U.S. Trademark Registration No. 6,362,407. *See* **Ex. 1**. The registration is valid, subsisting, unrevoked, unchallenged and uncancelled. The registration for the ACDANC mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the ACDANC mark pursuant to 15 U.S.C. §1057(b).

11. Plaintiff has invested substantial resources to advertise, promote, and license the ACDANC mark for wasp traps, sticky insect traps, fly traps and related products in International Class 21, distributed through authorized retailers and third-party platforms such as Walmart.com.

12. Plaintiff's ACDANC mark has acquired significant goodwill and symbolizing superior quality. Defendant has never been authorized to use the mark.

**Defendants**

13. Defendant SLANGO is believed to be an individual or business entity operating from Shenzhen, Guangdong Province, China, who conducts business in this District via an online e-commerce storefront on the Walmart Marketplace, offering for sale counterfeit or infringing ACDANC-branded sticky traps.

14. Plaintiff will amend this Complaint to reflect Defendant's true name, address, and business structure when identified.

## <u>FACTUAL ALLEGATIONS</u>

**Defendants' Unlawful Conducts**

15. Plaintiff's ACDANC mark represents distinctive trade identity and enjoys recognition among consumers as identifying genuine products originating from Plaintiff.

16. Defendant, without authorization, has willfully reproduced and used the ACDANC mark in commerce by advertising and selling infringing goods. *See* Infringing Evidence attached hereto as **Exhibit 2**. Defendant's online store targets consumers in the United States and Florida, creates a false impression of affiliation with Plaintiff, and deceives consumers into purchasing non-genuine goods.

17. Defendant's conduct has caused actual confusion, damaged Plaintiff's reputation, and diluted the distinctiveness of the ACDANC brand.

**<u>COUNT I - TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)</u>**

18. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–17 as if fully set forth herein.

19. Plaintiff is the exclusive owner of the ACDANC trademark. Plaintiff's United States Registration for the ACDANC trademark is in full force and effect. *See* Ex. 1. The ACDANC trademark is a highly distinctive mark, especially associated with sticky traps. Consumers have come to expect great quality from products bearing the ACDANC trademark.

20. Defendant's unauthorized use of the ACDANC mark in connection with the sale and advertising of infringing goods constitutes use in commerce likely to cause confusion, mistake, or deception.

21. Defendant's activity constitutes willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114. The injury and damage sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of infringing products.

22. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered damages and will continue to suffer irreparable harm unless Defendant is permanently enjoined.

**<u>COUNT II - FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125 (a))</u>**

23. Plaintiff realleges and incorporates by reference paragraphs 1–17 as if fully set forth herein.

24. Defendant's advertising, marketing, and sale of counterfeit or infringing ACDANC products falsely suggest that such products originate from, or are sponsored, approved, or endorsed by Plaintiff.

25. Defendant's use of Plaintiff's ACDANC mark constitutes a false designation of origin and misleading representation of fact, violating Section 43(a) of the 15 U.S.C. § 1125(a).

26. Defendant's acts have caused and will continue to cause confusion and deception among consumers, harming Plaintiff's reputation and goodwill.

27. Defendant's conduct is willful, intentional, and done in bad faith.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

1) Issue a permanent injunction prohibiting Defendant, its agents, and all persons acting in concert with it from using the ACDANC mark or any confusingly similar mark;
2) Order online marketplace platforms and payment processors to disable Defendant's accounts associated with infringing sales and restrain funds held therein;
3) Order Defendant to account for and disgorge all profits derived from the sale of infringing goods, and award Plaintiff its actual damages or, alternatively, statutory damages of up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2);
4) Award Plaintiff its reasonable attorneys' fees and costs; and
5) Grant such other and further relief as the Court deems just and proper.

October 15, 2026.

Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***